# Buchanan Ingersoll & Rooney PC

**Geoffrey G. Grivner**
302 552 4207
geoffrey.grivner@bipc.com

919 North Market Street, Suite 1500
Wilmington, DE 19801-3046
T 302 552 4200
F 302 552 4295
www.bipc.com

January 16, 2019

**VIA ECF & HAND DELIVERY**

The Honorable Christopher J. Burke
District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      Re: *Align Technology, Inc. v. 3SHAPE A/S et al.*, C.A. Nos. 17-1646 & 17-1647-LPS

Dear Judge Burke:

3Shape A/S and 3Shape, Inc. ("3Shape") respond to the issues outlined in Align Technology, Inc.'s ("Align") January 11, 2019 letter as follows.

Align served its discovery requests in the above-captioned matter in late October 2018. Align served 19 interrogatories, many with multiple subparts well in excess of the 25 interrogatory limit. *See* Fed. R. Civ. P. 33(a)(1). Defendants timely responded to the extent possible and indicated that they were willing to meet and confer with Plaintiff. Defendants met and conferred with Plaintiff on December 3, and subsequently supplemented their responses to Plaintiff's First Set of Interrogatories on December 7, 2018. Defendants have repeatedly indicated and remain open to a discussion to clarify the intended scope and meaning of the Interrogatories to which Plaintiff contends Defendants' responses are incomplete, identified below.

**Interrogatory 1 (Both Cases).** On numerous occasions, including during the December 3 meet and confer between the Parties, 3Shape has requested clarification as to as to the meaning of "functionality that is the same or substantially the same as the functionality identified in Align's initial infringement contentions." To date, Align has provided no such clarification. *See, e.g., Invensas Corp. v. Renesas Elecs. Corp.*, 287 F.R.D. 273, 279 (D. Del. 2012) (providing that the party seeking discovery must first identify *with requisite specificity the type of product or system at issue* and second, must also identify with specificity *the component, characteristic, or element of the product or system* that the claimant believes will render the product or system infringing).

Together, these interrogatories involve twelve patents from six patent families and over 160 asserted claims. Align's infringement contentions for the twelve patents span more than 1,000 pages and accuse three separate 3Shape products, each having a multitude of features. 3Shape

January 16, 2019
Page - 2 -

has already produced over 50,000 pages of core technical documents relating to the accused products – which Align has had in its possession since early August of last year – and further, user manuals for all of 3Shape's products are publicly available on its website.

**Interrogatories 2 and 13 (Both Cases).** With respect to Interrogatory No. 2, the Scheduling Orders governing these actions does not require 3Shape to serve non-infringement contentions nor has 3Shape filed an answer to the operative complaints (D.I. 78, Align's First Amended Complaint).[1] This makes sense because 3Shape does not bear the burden of proof on infringement. Further, the Parties are currently in the process of claim construction in these litigations, and 3Shape intends to conduct discovery to better ascertain the scope which Align is assigning to certain claims terms. As such, this contention interrogatory is premature and 3Shape will be in a better position to answer on the date its rebuttal expert contentions are due, at which point many of the issues in this case will likely have been narrowed and the burden significantly reduced.[2]

With respect to Interrogatory No. 13, a determination as to which license agreements, if any, are comparable to a license for the use or practice of the Asserted Patents falls in the purview of expert discovery. As phrased, 3Shape considers this Interrogatory to be premature.

The order cited by Plaintiff – *Wi-Lan Inc. v. VIZIO, Inc.*, C.A. No. 15-788-LPS, Oral Order (D.I. 204) (D. Del. April 13, 2018) – is inapposite to the present dispute regarding Interrogatories 2 and 13. The contention interrogatories sought in that action related to Defendants' affirmative defenses. Here, Defendants have not yet asserted affirmative defenses to the operative complaints (D.I. 78), which Plaintiff chose to delay filing until December 20, 2018.

**Interrogatories 3 and 4 (Both Cases).** 3Shape attempted to meet and confer with Align regarding a reasonably narrowed scope for these Interrogatories, but Align refused to discuss a compromise. 3Shape has answered these interrogatories to the extent they pertain to the patents-in-suit, has agreed to supplement those answers should new information arise during the course of discovery, and notes that the Parties have not yet discussed what they would consider a reasonable search strategy with respect to, *e.g.*, electronic mail.[3]

Regarding the "genealogically related patents" for which Align demands information, Align has not alleged any facts which demonstrate that such knowledge is relevant to the instant actions. Many of the asserted patents include substantial specifications with multiple embodiments and

---

[1] 3Shape is not required to respond to the operative complaint until January 17 per agreement of the Parties. The oral order cited by Plaintiff – *Wi-Lan Inc. v. VIZIO, Inc.*, C.A. No. 15-788-LPS, Oral Order (D.I. 204) (D. Del. April 13, 2018) – is inapposite to the situation here. The contention interrogatories sought in that action relate to Defendants' affirmative defenses. In the present actions, Align filed its First Amended Complaints (D.I. 78) on December 20, 2018 to which 3Shape is not required to respond until January 17 per agreement of the parties

[2] 3Shape has already provided Align with detailed Invalidity Contentions with respect to the over 160 presently asserted claims of the twelve patents-in-suit.

[3] 3Shape notes that in recent ITC Investigations between the Parties involving the same accused products, the Parties established an e-mail protocol limiting the size, search terms, and custodians which each party was required to search.

January 16, 2019
Page - 3 -

features disclosed therein. It is unclear how mere knowledge of a patent somehow related to the asserted patents is relevant to the requisite intent for willfulness or indirect infringement.

**Interrogatories 5 and 12 (Both Cases).** These Interrogatories are be compound. Interrogatory No. 5 identifies at least five categories of information for two discrete 3Shape products (*i.e.*, ten subparts). Align has not provided any rationale as to why these ten subparts should be treated as part of a single interrogatory (*i.e.*, Align has not provided any rational basis under which the subparts identified by 3Shape are "logically or factually subsumed within and necessarily related" to one primary question. *See, e.g., Medigus Ltd. v. Endochoice, Inc.,* 2016 WL 5791409, at *1 (D. Del. July 19, 2016). Interrogatory 12, as phrased, also includes multiple subparts (*e.g.*, it is unclear how issues involving a settlement agreement for one of the accused 3Shape Products is logically or factually related to a distribution agreement for the same or another 3Shape Product). These interrogatories, unless narrowed by Align, bring Align's total interrogatories in excess of the 25-interragotory limit in these actions.

**Interrogatories 9, 10, 11, and 16 (Both Cases) and 18 (1646 Case).** 3Shape fully answered these Interrogatories to the extent they are understood. Regarding Interrogatory No. 10, 3Shape has not named any individuals in response to this request because there is no individual that has non-privileged information responsive to this request. Regarding Interrogatory 11, 3Shape requested clarification as to the meaning of the term "benefits;" Align declined to clarify. Regarding Interrogatory No. 16, 3Shape does not consider whether it has been approached with a request for indemnification spurred by the instant actions to be relevant to any Parties' claim or defense or potential claim or defense in either action. Regarding Interrogatory No. 18, 3Shape notes that the Model Builder and "3Shape articulator" are developed outside the United States and further, that 3Shape may be able to provide further information responsive to this Interrogatory should Align clarify the intended meaning of "3Shape articulator."

**Interrogatories 14 and 15 (Both Cases).** Regarding these Interrogatories, 3Shape fully answered these Interrogatories as they were understood. Interrogatory 14 is understood to request the identification of the persons most knowledgeable about each of the accused 3Shape Products – 3Shape provided two names in response to each Interrogatory 14. Interrogatory 15 is understood to request information about persons most knowledgeable about the listed features. 3Shape has attempted to provide the person most knowledgeable about each listed feature. Further, 3Shape indicated a willingness to consider supplementing its response upon further clarification with respect to Interrogatory 15 (which Align has not provided). With respect to Align's accusations that none of the identified individuals are located in the United States, 3Shape notes that all accused software products are developed outside of the United States.

3Shape appreciates the Court's assistance in resolving the present discovery dispute and will be prepared to answer any questions the Court may have regarding the same during the scheduled teleconference.

Case 1:17-cv-01647-LPS   Document 86   Filed 01/16/19   Page 3 of 4 PageID #: 1744

January 16, 2019
Page - 4 -

                                                           Respectfully submitted,

                                                           */s/ Geoffrey G. Grivner*

                                                           Geoffrey G. Grivner (#4711)

cc: All Counsel of Record