# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ALIGN TECHNOLOGY, INC., | )<br>)<br>) C.A. No. 17-1647-LPS-CJB<br>) |
| Plaintiff, | ) |
| v. | )<br>) |
| 3SHAPE A/S,<br>3SHAPE TRIOS A/S, and<br>3SHAPE, INC. | )<br>)<br>) Public Version, Filed March 13, 2020 |
| Defendants. | |

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT U.S. PATENT NOS. 8,092,215, 8,545,221 AND 9,566,132

Geoffrey Grivner (DE Bar No. 4711)
BUCHANAN INGERSOLL
& ROONEY PC
919 North Market Street, Suite 990
Wilmington, DE  19801
Tel: (302) 552-4207
Fax: (302) 552-4200
Email: geoffrey.grivner@bipc.com

S. Lloyd Smith (admitted *pro hac vice*)
Kimberly E. Coghill (admitted *pro hac vice*)
Bryan J. Cannon (admitted *pro hac vice*)
Laura K. Pitts (admitted *pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
Tel: (703) 838-6514
Fax: (703) 836-2021
Email: lloyd.smith@bipc.com

*Attorneys for Defendants*
*3Shape A/S, 3Shape Inc., and 3Shape Trios A/S*

# **TABLE OF CONTENTS**

**I.**   Align Offers No Evidence to Demonstrate "Combined Use" Infringement Theories Which Rely Upon 3Shape's "Dental Desktop" ....................................................1

**II.**  Align's "Circumstantial Evidence" Does Not Support its Infringement Theories ..............1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACCO Brands v. ABA Locks Manu. Co., Ltd.*,
    501 F.3d 1307 (Fed. Cir. 2007) ...................................................................................3

*Agawam Co. v. Jordan*,
    7 Wall. 583 (1869) .......................................................................................................3

*Anderson v. Liberty Lobby, Inc.*,
    447 U.S. 242 (1980) .....................................................................................................1

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) .....................................................................................................3

*E-Pass Techs., Inc. v. 3Com Corp.*,
    473 F.3d 1213 (Fed. Cir. 2007) ...................................................................................3

*Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*,
    279 F.3d 1022 (Fed. Cir. 2002) ...................................................................................3

*Fujitsu Ltd. v. Netgear, Inc.*,
    620 F.3d 1321 (Fed. Cir. 2010) ...................................................................................3

*Largan Precision Co. v. Genius Elec. Optical Co.*,
    646 Fed. Appx. 946 (Fed. Cir. 2016) ..........................................................................3

*SRI Intl. Inc. v. Internet Security Sys., Inc.*,
    647 F. Supp. 2d 323 (D. Del. 2009) ............................................................................3

**Rules**

Fed. R. Civ. P. 56(c)(2) ................................................................................................2, 3

**TABLE OF EXHIBITS**

| Exhibit | Description |
| --- | --- |
| Ex. 1 | Transcript of Rune Fisker, dated November 19, 2019 |
| Ex. 2 | Transcript of Alexei Miretsky, dated December 5, 2019 |
| Ex. 3 | Opening Expert Report Of Karan Singh, Ph. D. Regarding Infringement Of U.S. Patent Nos. 9,566,132, 8,545,221 and 8,092,215, dated January 17, 2020 |

Align has not raised any genuine issue of material fact precluding summary judgment that the combined use of 3Shape's Ortho System and Dental System do not infringe the '215, '132, and '221 patents (collectively the "Smile Designer Patents"). (D.I. 291.)

I. **Align Offers No Evidence to Demonstrate "Combined Use" Infringement Theories Which Rely Upon 3Shape's "Dental Desktop"**

The allegations in Align's opposition brief fail to support Align's "combined use" infringement theory. Align alleges that



This evidence is unrefuted. Align does not cite to any 3Shape transcript or manual to support its assertion that

(*See* Ex. 3, Singh Opening Rpt., ¶¶ 99-102, 111.) Align cannot manufacture a dispute by alleging, without evidentiary basis, that

*See e.g.*, *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1980) (explaining that a party opposing summary judgment may not rest upon "mere allegations … but … must set forth specific facts showing that there is a genuine issue for trial").

II. **Align's "Circumstantial Evidence" Does Not Support its Infringement Theories**

Conceding that it has not offered any direct evidence of infringement by the accused combination of products or the use thereof, Align retreats to "circumstantial evidence" to

1

establish combined use of ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*See* D.I. 323 at 2.) But Align fails to cite evidence that a reasonable jury could rely upon to find ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

For example, Align alleges customer service documents provide circumstantial evidence to support its infringement theory. (*See* D.I. 323 at 3-4.) The customer service citations provided, however, are sentence fragments that do *not* indicate anything related to a model being output from ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ (*See* D.I. 323 at Exs. 2, 3, 12.)[1] Moreover, there is no evidence that any of these entries were *in the United States*. Therefore, a reasonable jury could not rely on these customer service snippets in order to conclude that a virtual model has been exported ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ in the United States.

The remainder of the "circumstantial evidence" identified by Align similarly lacks facts which can be relied upon to support Align's infringement theory. Even assuming, *arguendo*, that: ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ such evidence is inapposite to whether or not *a virtual model has ever been* ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬[2] (*See* D.I. 323 at 2-4.) Even taken as true, this "evidence" does not support the conclusion Align proffers.

Furthermore, in each of the cases Align relies upon to support its circumstantial evidence argument (D.I. 323 at 4) there was circumstantial evidence that the defendant *instructed users* to perform the infringing actions. (*See id.* at 4.) Here, there is no such circumstantial evidence of 3Shape *instructing users* in such a manner. Align has not cited a single document (such as a user

---

[1] Appendix A is attached to provide all of the customer service descriptions cited in Align's opposition brief in a single table.
[2] It is worth mentioning that Exhibit 11 of Align's opposition brief is not admissible to support the allegation for which it is cited through any witness that has been identified by Align. *See* FED. R. CIV. P. 56(c)(2). Additionally, it does not provide circumstantial evidence related to 3Shape inducing infringement as it is not related to any 3Shape employee ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

manual) that ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ nor any other evidence showing a 3Shape employee instructed such action. (*See* D.I. 323 at 2-4.)

"Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Infringement is Align's burden. *Agawam Co. v. Jordan*, 7 Wall. 583, 609 (1869). To establish induced infringement, Align must prove direct infringement by some party. *See e.g.*, *Epcon Gas Sys., Inc. v. Bauer Compressors, Inc.*, 279 F.3d 1022, 1033 (Fed. Cir. 2002).

Align has not set forth facts from which a reasonable jury could conclude that ▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ *See e.g.*, *Largan Precision Co. v. Genius Elec. Optical Co.*, 646 Fed. Appx. 946, 948 (Fed. Cir. 2016) (granting summary judgment for no induced infringement because the evidence related to products manufactured in Asia and because the evidence failed to meet the plaintiff's burden).

Align has failed to meet its burden of proof for both the method and device claims. *See e.g.*, *E-Pass Techs., Inc. v. 3Com Corp.*, 473 F.3d 1213, 1221-22 (Fed. Cir. 2007) (affirming summary judgment as plaintiff "failed to meet its burden of proof on the question of whether anyone has practiced the steps of the claimed method"); *Fujitsu Ltd. v. Netgear, Inc.*, 620 F.3d 1321, 1329 (Fed. Cir. 2010) ("[I]t is not enough to simply show that a product is capable of infringement; the patent owner must show evidence of specific instances of direct infringement."); *ACCO Brands v. ABA Locks Manu. Co., Ltd.*, 501 F.3d 1307, 1313 (Fed. Cir. 2007) ("to prove direct infringement, a patentee must either point to specific instances of direct infringement or show that the accused device necessarily infringes the patent in suit.")

For the foregoing reasons, Defendants' Motion (D.I. 291) should be granted.

3

Dated: March 6, 2020 */s/ Geoffrey G. Grivner*
Geoffrey Grivner (DE Bar No. 4711)
BUCHANAN INGERSOLL
& ROONEY PC
919 North Market Street, Suite 990
Wilmington, DE 19801
Tel: (302) 552-4207
Fax: (302) 552-4200
Email: geoffrey.grivner@bipc.com

S. Lloyd Smith (*pro hac vice*)
Kimberly E. Coghill (*pro hac vice*)
Bryan J. Cannon (admitted *pro hac vice*)
Laura K. Pitts (admitted *pro hac vice*)
BUCHANAN INGERSOLL & ROONEY PC
1737 King Street, Suite 500
Alexandria, VA 22314-2727
Tel: (703) 838-6514
Fax: (703) 836-2021
Email: lloyd.smith@bipc.com

*Attorneys for Defendants*
*3Shape A/S, 3Shape Trios A/S,*
*and 3Shape Inc.*